# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>PRAVEEN K. KHURANA,<br><br>    Debtor.<br>_____<br><br>PRAVEEN K. KHURANA,<br><br>    Appellant,<br><br>    v.<br><br>STATE OF IDAHO, CHILD SUPPORT SERVICES,<br><br>    Appellee. | Bk. Case No. 13-20058-TLM<br>Adv. No. 19-07002-TLM<br><br><br>Case No. 3:19-CV-00117-RHW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is pro se Appellant Praveen K. Khurana's appeal from two orders issued by the United States Bankruptcy Court for the District of Idaho, which dismissed Mr. Khurana's adversary proceeding against the State of Idaho, Child Support Services. The Court has reviewed Mr. Khurana's opening

**MEMORANDUM DECISION AND ORDER**
\* 1

brief, ECF No. 16, his supplemental opening brief, ECF No. 17, Child Support Services' responsive brief, ECF No. 18, as well as the documents filed in both this appeal and the underlying adversary proceeding. Being fully informed, the Court affirms the orders of the Bankruptcy Court.[1]

## I. Jurisdiction

The Court has jurisdiction over "final judgments, orders, and decrees" of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1). These include orders of dismissal in adversary proceedings, like those at issue here. *In re Reynolds*, 455 B.R. 312, 318 (D. Mass. 2011).

## II. Background[2]

Mr. Khurana filed a bankruptcy petition in January 2013, commencing Case No. 13-20058-TLM. In September 2013, he received a chapter 7 discharge, *see* 11 U.S.C. § 727, and the matter was closed as a "no-asset" case. In June 2015, Mr. Khurana moved to reopen the case and those proceedings remain ongoing.

---

[1] Having fully reviewed the docket, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. *See* Fed. R. Bankr. P. 8019(b)(3). Because neither party has requested oral argument, and also because the Court finds that the decision-making process would not be significantly aided by it, this matter shall be decided on the record. *See id.*; *Hollar v. United States*, 188 B.R. 539, 540 (M.D.N.C. 1995).

[2] Mr. Khurana has not filed an Excerpt of Record, as required by both this district's Third Amended General Order No. 38 § 2.03(d), *see* ECF No. 1-1 at 3-4, as well as the Court's prior order directing Mr. Khurana to do so. *See* ECF No. 15 at 3. Accordingly, these facts are gleaned from the bankruptcy judge's findings and the documents filed in the underlying adversary proceeding.

**MEMORANDUM DECISION AND ORDER**

In January 2019, Mr. Khurana filed a pro se "Complaint for Adversary Proceeding – Violation of Lift of Automatic Stay by State of Idaho (Department) of Subject Child Support Enforcement Order," which commenced this adversary proceeding, No. 19-07002-TLM. The complaint alleged that Child Support Services was enforcing and collecting upon a Canadian child support order that provided for the support of Mr. Khurana's two children, both of whom live in Canada. Mr. Khurana alleged that Child Support Services' actions: (1) violated the automatic stay provisions of 11 U.S.C. § 362(a)[3]; (2) violated the Hague Convention; (3) caused him to overpay based on its failure to properly apply the current exchange rate; and (4) violated his rights under the U.S. Constitution because of his inability to access the Canadian courts. He also asserted that Canada was an "impossible forum" for him to appear in, given his lack of a Canadian visa and limited financial means. Finally, he made various contentions about the sufficiency of the Canadian court's notice, its personal jurisdiction, and its impartiality. Mr. Khurana also issued deposition subpoenas to Deputy Attorney General Douglas Fleenor and Bureau Chief of Child Support Services Robert Rinard.

---

[3] Mr. Khurana asserted that Child Support Services violated the automatic stay by attempting to collect the child support as well as by assessing an annual $25 administrative fee and a $7 electronic processing fee.

**MEMORANDUM DECISION AND ORDER**

Child Support Services moved to dismiss Mr. Khurana's complaint and also moved to quash the two deposition subpoenas. In March 2019, the Bankruptcy Court held a hearing, heard argument from both parties, and took the matter under advisement.

On March 29, 2019, the Bankruptcy Court issued an order granting Child Support Services' motion to dismiss and also issued an accompanying Memorandum of Decision. In its Memorandum, the Bankruptcy Court first noted that it lacked jurisdiction to adjudicate many of the counts in Mr. Khurana's complaint—such as the count alleging a "violation of the Hague Convention"—as its jurisdiction was limited to bankruptcy matters. *See* 28 U.S.C. § 1334. The court also noted that it would abstain from addressing the various issues regarding the collections processes, the Canadian judicial procedures, and whether the children's ages or occupations should operate to reduce the underlying child support obligation, as these matters were best litigated in other forums. Consequently, the court determined that it would focus on Mr. Khurana's allegations that Child Support Services violated the automatic stay and/or the discharge injunction by attempting to collect the owed child support.

With respect to these allegations, the court noted that the Bankruptcy Code exempts "domestic support obligations" from both the automatic stay and from discharge. *See* 11 U.S.C. §§ 362(b)(2)(B), 523(a)(5). The court also noted that Mr.

Khurana appeared to concede that Child Support Services was in fact pursuing "child support," even if he took issue with the claimed amounts, or the "collection fees" assessed, or the exchange rates. Accordingly, the court found that the obligations at issue were "domestic support obligations" within the meaning of the Bankruptcy Code and therefore that Child Support Services' collection efforts did not violate the automatic stay or the discharge injunction. Finally, the court granted Child Support Services' motion to quash Mr. Khurana's deposition subpoenas.

On April 3, 2019, Mr. Khurana timely appealed from the Bankruptcy Court's order dismissing the complaint and its accompanying memorandum of decision. ECF No. 1 at 1-2; *see* Fed. R. Bankr. P. 8002(a)(1).

### III. Standard of Review

When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standards of review generally applied in federal court appeals. *In re Crystal Properties, Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001). Thus, this Court reviews the Bankruptcy Court's legal conclusions and interpretation of the Bankruptcy Code de novo and its factual findings for clear error. *In re Green*, 583 F.3d 614, 618 (9th Cir. 2009); *In re Andrews*, 155 B.R. 769, 770 (B.A.P. 9th Cir. 1993).

While it did not expressly state as such, the Bankruptcy Court dismissed Mr. Khurana's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made

MEMORANDUM DECISION AND ORDER
* 5

applicable to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b), for failure to state claims upon which relief can be granted. Accordingly, the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of Mr. Khurana. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). However, the Court does not have to accept conclusory allegations in the complaint as true. *Id.* To survive a motion to dismiss, a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1151 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A dismissal under this rule may therefore be based on either the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Tracht Gut, LLC*, 836 F.3d at 1151.

### IV. Discussion

In his "Statement of the Case," Mr. Khurana first raises various contentions about the Canadian court's impartiality and inaccessibility. ECF No. 16 at 4. The next eight pages of discussion were copied and pasted from the Ninth Circuit's opinion in *Rivera v. Orange County Probation Department*, 832 F.3d 1103 (9th Cir. 2016), which involved a question not directly relevant here.[4] *Compare* ECF No. 16 at 5-12, *with Rivera*, 832 F.3d 1105-10. However, the Court will construe

---

[4] The question in *Rivera* was whether a mother's debt to a county probation department for costs associated with her son's involuntary juvenile detention was a "domestic support obligation" and thus excepted from discharge. *Rivera*, 832 F.3d 1104.

**MEMORANDUM DECISION AND ORDER**
\* 6

this discussion as an argument that the ordered child support is not a "domestic support obligation" and that it is therefore dischargeable. At the end of his brief, Mr. Khurana includes four allegations labeled, "Clear Errors of Law." ECF No. 16 at 12-14. The Court will address these issues in turn.

### A. Allegations Regarding the Canadian Court's Impartiality and Inaccessibility

Mr. Khurana first raises various contentions about the Canadian court's impartiality and inaccessibility. *See* ECF No. 16 at 4. He argues that the Canadian judge who entered the child support orders at issue was biased and should have recused himself. *Id.* He also asserts that the Canadian court's staff will not return his telephone calls or e-mails. *Id.* However, even taking these allegations as true, it is unclear how the Court has the power or authority to address these issues, and it is equally unclear what remedy or relief the Court would be able to grant. Mr. Khurana fails to provide any legal authority that would authorize the Court to make rulings or otherwise intervene in a Canadian judicial proceeding. *See*, *e.g.*, *Goodyear Tire & Rubber Co. v. Rubber Tire Wheel Co.*, 164 F. 869, 871 (S.D. Ohio 1908). As such, Mr. Khurana's complaints about the Canadian court's alleged impartiality and inaccessibility fail to state a claim upon which this Court can grant relief. *See* Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6).

///

///

**B.     The Obligation Being Pursued is a "Domestic Support Obligation" and is Therefore Non-Dischargeable**

Mr. Khurana concedes—both in his complaint and in his opening brief—that Child Support Services seeks to collect "child support." *See* ECF No. 16 at 5 ("The State of Idaho…continues to enforce child support from Appellant for 2 children…"). He appears to argue, however, that the ordered child support does not constitute a "domestic support obligation" within the meaning of 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 101(14A) and that it is therefore dischargeable. ECF No. 16 at 5-12. He argues this is so because: (1) Child Support Services allegedly uses the amounts owed to "Pay[] down the national debt," and (2) the child support funds are used for "leisure" activities "such as swimming and [b]allet classes," rather than for true necessities such as food, shelter, and clothing.[5] ECF No. 16 at 9-10.

Certain types of debt are non-dischargeable in bankruptcy. *In re Leibowitz*, 217 F.3d 799, 801 (9th Cir. 2000). This includes "domestic support obligations," which are exempt from both the automatic stay and from discharge. *See* 11 U.S.C. §§ 362(b)(2)(B), 523(a)(5). A "domestic support obligation" is a debt that is owed to a spouse, former spouse, child, or governmental unit that is also "in the nature of alimony, maintenance, or support" for that person. 11 U.S.C. § 101(14A).

---

[5] Mr. Khurana also tersely argues that the debt is not a "domestic support obligation" because it "[c]ontinues for when [the children] are adults." ECF No. 16 at 9. Mr. Khurana also raises this contention later, in "Clear Error of Law # 2," which the Court addresses *infra* at 11-12.

**MEMORANDUM DECISION AND ORDER**

Mr. Khurana first argues that the ordered child support is not a "domestic support obligation" because Child Support Services is collecting the funds for the purpose of "[p]aying down the national debt." ECF No. 16 at 8-9, 12. The Court finds that this claim lacks facial plausibility. *See Iqbal*, 556 U.S. at 678-684.

Mr. Khurana also contends that the ordered child support is not a "domestic support obligation" because the funds are (or were) used for "leisure" activities "such as swimming and [b]allet classes," rather than for necessities such as clothing, food, and shelter. ECF No. 16 at 5, 10, 13. It is unclear whether child support funds must be spent on "true necessities" to constitute support of the child; Mr. Khurana cites no authority supporting this contention. But the Court need not reach this issue because Mr. Khurana's argument misapprehends how debts are characterized. Bankruptcy courts determine whether a particular obligation is "in the nature of support" by examining the intentions of the state court or the parties at the time the obligation was created. *In re Seixas*, 239 B.R. 398, 402 (B.A.P. 9th Cir. 1999); *In re Combs*, 101 B.R. 609, 615 (B.A.P. 9th Cir. 1989). The critical issue is the function that the award was intended to serve. *E.g.*, *In re Hale*, 289 B.R. 788, 791 (B.A.P. 1st Cir. 2003). For this reason, "how the resources flowing from the obligation were put to use by their recipient is often beside the point." *Id.* n.4. Thus, in this case, the issue is what the Canadian court intended at the time it ordered Mr. Khurana to pay the child support obligations—and the ways in which

**MEMORANDUM DECISION AND ORDER**
* 9

the mother or the children ultimately decided to spend the funds is irrelevant. *See id.* at 797. And Mr. Khurana pleaded no facts indicating that the Canadian court intended anything other than to provide for the domestic welfare of the children when it entered the child support order. Accordingly, Mr. Khurana has failed to state a claim that the ordered child support is not a "domestic support obligation" and is dischargeable. *See* Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6).

**C.     "Clear Error of Law # 1": $25 Administrative Fee**

Mr. Khurana argues that Child Support Services collects an annual $25 administrative fee which "is not used for any needs or welfare of [the] Children."[6] ECF No. 16 at 12. He argues that the "collection of this money is [a] violation of [the] automatic stay." *Id.*

However, the definition of "domestic support obligation" includes debts owed to a governmental unit. 11 U.S.C. § 101(14A)(A). It also includes debts that are "in the nature of . . . assistance provided by a governmental unit." 11 U.S.C. § 101(14A)(B). When Congress broadened the definition of "domestic support obligation" in 2005, it intended for its new definition to "'encompass[] *all* debts to a governmental unit related to support.'" *In re Etnire*, 568 B.R. 80, 83 (Bankr. C.D. Ill. 2017) (emphasis in original) (quoting *In re Schauer*, 391 B.R. 430, 434 (Bankr. E.D. Wis. 2008)). Accordingly, Child Support Services' annual $25

---

[6] Mr. Khurana pleaded this claim in his complaint as cause of action number seven.

administrative fee falls within the definition of a "domestic support obligation" and its collection did not and does not violate either the automatic stay or the discharge injunction. *See* 11 U.S.C. §§ 362(b)(2)(B), 523(a)(5).

**D.   "Clear Error of Law # 2": Fact that Child Support Order Provides for Now-Adult Children**

Mr. Khurana argues that the ordered child support is not a "domestic support obligation" and is therefore dischargeable because his children are now adults. ECF No. 16 at 9, 13. He argues that his oldest child is 24 years old, has earned undergraduate and law degrees, and is a practicing attorney in Alberta. *Id.* at 5, 13. He also argues that both children live independently. *Id.*

Every court that has considered this argument—that child support obligations for adult children are dischargeable—has rejected it. *See In re Seixas*, 239 B.R. 398, 403-04 (B.A.P. 9th Cir. 1999); *In re Harrell*, 754 F.2d 902, 904 (11th Cir. 1985); *In re Chamberlain*, 2017 WL 7736164, at *3 (D. Colo. 2017); *In re Ehlers*, 189 B.R. 835, 838-40 (Bankr. N.D. Ala. 1995); *In re Bedingfield*, 42 B.R. 641, 647 (S.D. Ga. 1983). This is because the statute defining "domestic support obligation" does not limit the word "child" by prefacing it with the word "minor." *See* 11 U.S.C. § 101(14A)(B); *Seixas*, 239 B.R. at 404. Accordingly, "child" as it is used in 11 U.S.C. § 101(14A)(B) includes a debtor's child who has reached the age of majority. *Seixas*, 239 B.R. at 404. Mr. Khurana's child support

obligations are therefore non-dischargeable even though his children are now adults.[7]

### E. "Clear Error of Law # 3": Child Support Funds Used for Leisure Activities

Mr. Khurana argues that Child Support Services "continues [to collect] for 'expenses' which [are] not for basic living expenses." ECF No. 16 at 13. The Court has considered and rejected this argument. *See supra* at 9-10.

### F. "Clear Violation of 42 USC 1983": Alleged Improper Use of Personal Information

Finally, Mr. Khurana vaguely argues that Child Support Services "used confidential and personal information . . . without his permission or knowledge . . . to subdue and harm [him] over and beyond the mandate and scope of duties." ECF No. 16 at 13-14. However, Mr. Khurana never pleaded this cause of action in his complaint, nor did he raise it in any other filing. In bankruptcy appeals, the Court generally will not consider arguments or issues that were not raised before the Bankruptcy Court. *In re Mortgage Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014); *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). One exception to this rule is when the issue is purely legal and does not depend on the factual record.

---

[7] To the extent that Mr. Khurana disputes the amount of child support he owes, this is an issue he must litigate in Canada—bankruptcy courts have no authority to change or modify child support orders entered by state (and presumably foreign) courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 702-03 (1992); *In re Diaz*, 647 F.3d 1073, 1093 (11th Cir. 2011); *In re Slater*, 188 B.R. 852, 854 (Bankr. E.D. Wash. 1995); *In re Harrell*, 33 B.R. 989, 995 (N.D. Ga. 1983).

**MEMORANDUM DECISION AND ORDER**

*Mortgage Store, Inc.*, 773 F.3d at 998; *Am. W. Airlines, Inc.*, 217 F.3d at 1165. This allegation, however, is highly fact-dependent and Mr. Khurana provides no other details about the alleged conduct other than the bald assertions quoted above. Therefore, the Court will not consider this issue for the first time on appeal.

**G.  The Bankruptcy Court Properly Quashed Mr. Khurana's Deposition Subpoenas**

In his "Supplemental Opening Brief," Mr. Khurana asks the Court to allow him to depose Deputy Attorney General Douglas Fleenor and Bureau Chief of Child Support Services Robert Rinard "[i]f the case is reversed and remanded to the Bankruptcy court." ECF No. 17 at 4. However, because the Court finds that the Bankruptcy Court properly dismissed Mr. Khurana's complaint, this request is moot.

## V.  Order

Accordingly, **IT IS HEREBY ORDERED:**

1. The Bankruptcy Court's Order Dismissing Case and its accompanying Memorandum of Decision—both issued on March 29, 2019—are **AFFIRMED**.

///

///

///

///

2. Judgment shall be entered in favor of Appellee and the file shall be **closed**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to the parties.

**DATED** this 16th day of January, 2020.

*s/ Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Court Judge